UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAADHI ABDUL COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICIA ARNSWALD,<br><br>　　　　　Defendant. | No. 2:15-cv-2353 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Defendant, an employee of the California Department of Corrections and Rehabilitation at High Desert State Prison, recently removed this action from the Superior Court of Lassen County. Plaintiff is an inmate housed at California State Prison, Sacramento. In his complaint, which was originally filed on June 4, 2015, plaintiff alleges that while he was an inmate at High Desert, defendant denied plaintiff the ability to communicate with the Superior Court of Lassen County and California's Office of the Attorney General. Defendant removed, asserting plaintiff's claims arise under the First Amendment.

　　　　Under 28 U.S.C. § 1441(a), a defendant may generally remove a civil action brought in state court to a United States district court if the district court has original jurisdiction over the claims presented. United States district courts have original jurisdiction over claims arising under the United States Constitution. 28 U.S.C. § 1331.

/////

1

1   In his complaint, plaintiff makes no mention of the First Amendment, any other
2   Constitutional provision, or any other provision of federal law.  Instead, plaintiff asserts his
3   claims arise under various provisions of California law including the California Tort Claims Act,
4   Government Code § 810 et. seq., California Code of Civil Procedure §§ 85, 86, and the California
5   Constitution.  ECF No. 1 at 9 & 15.  In the "Conclusion" portion of his complaint, plaintiff asks
6   "that this court deem defendant's actions a violation of clearly established state law and grant
7   plaintiff relief."

8   While plaintiff asserts facts which might amount to a claim arising under federal law, it is
9   certainly plaintiff's prerogative whether to pursue a federal claim, and it is clear that plaintiff has
10  chosen not to do so.[1]  Furthermore, although the Federal Rules of Civil Procedure adopt a flexible
11  pleading policy, a complaint must give fair notice of claims.  Jones v. Community Redev.
12  Agency, 733 F.2d 646, 649 (9th Cir. 1984).

13  Under 28 U.S.C. § 1447(c), a district court must remand any removed case if at any point
14  it appears the district court lacks subject matter jurisdiction.  Because plaintiff does not bring any
15  of his claims under any provision of federal law, this court lacks subject matter jurisdiction over
16  plaintiff's claims and removal of this action was improper.

17  Accordingly, IT IS HEREBY ORDERED that that Clerk of the Court assign a district
18  court judge to this case; and

19  IT IS HEREBY RECOMMENDED that this matter be remanded to the Superior Court of
20  Lassen County.

21  These findings and recommendations are submitted to the United States District Judge
22  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
23  after being served with these findings and recommendations, any party may file written
24  objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[1] The fact that plaintiff has filed approximately 15 different actions in this court indicate that plaintiff has at least a basic understanding of the concept that claims can arise under federal and / or state laws. For example, in his amended complaint filed in 2:13-cv-1753 KJM CKD P (ECF No. 17), plaintiff asserts claims under the First, Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 (id. at 1) as well as claims for "violations of clearly established state laws" (id. at 1).

2

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

cole2353.rem